PER CURIAM.
Franklin Reyes appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Defendant-appellant Reyes was convicted of false imprisonment and multiple counts of sexual battery in 1997. The trial court entered an order under the Florida Sexual Predators Act finding the defendant to be a sexual predator.
In 2004, the defendant filed his motion for postconviction relief, alleging that the Act was unconstitutional on procedural due process grounds. The defendant’s motion was based on this court’s decision in Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), later quashed by the Florida Supreme Court. In the instant case the trial court denied relief and the defendant appealed. By agreement of the parties, we abated the appeal to await the decision of the Florida Supreme Court on the procedural due process issue.
In Milks v. State, 894 So.2d 924 (Fla.2005), the Florida Supreme Court quashed Espindola and held that the Act does not violate procedural due process. Id. at 925. We therefore affirm the trial court’s ruling on authority of Milks.
The defendant raises an alternative argument that the Act violates substantive due process. The defendant correctly points out that the Florida Supreme Court in Milks left open the question whether the Act violates substantive due process. Id.
We decline to entertain this argument because it was not raised in the defendant’s motion filed in the trial court.
Affirmed.